OPINION
{¶ 1} Kirene J. Johnson appeals from the judgment of the Lake County Common Pleas Court, which denied his motion to suppress. We affirm.
 {¶ 2} Officers from the Caribbean Task Force received information from a confidential informant that two black males were selling drugs out of room 348 of the Clarion Hotel in Wickliffe, Ohio. The informant told the officers that one of the men was tall and the other was approximately five feet, ten inches tall. The informant also said the men were from New Jersey and driving a silver Mercedes Benz.
 {¶ 3} The next day officers of the task force, Wickliffe Police Department, Euclid Police Department, and Ohio State Highway Patrol set up surveillance on the room. Special Agent Dennis Sweet located a silver Mercedes with New Jersey license plates in the hotel's parking lot. A check of the plate revealed it was registered to a 1990 Honda.
 {¶ 4} During the surveillance, Detective Thomas Williams saw appellant and two other men exit room 348 and walk toward the Mercedes. Appellant got into the Mercedes' driver's seat, one of the remaining two men got into the passenger's seat, and the third got into a blue Oldsmobile. The men pulled in front of the hotel, exited the vehicle, and paid the hotel bill. The officers converged on the vehicles with weapons drawn and ordered the men to exit the cars. Appellant was patted down and a revolver was found in his front pants pocket. No drugs were found.
 {¶ 5} Appellant was indicted on one count of carrying a concealed weapon, R.C. 2923.12, a fourth degree felony. Appellant pleaded not guilty and moved to suppress all evidence obtained as a result of the stop. In support of his motion, appellant contended officers lacked probable cause or specific and articulable facts upon which to base the stop of appellant. The trial court denied appellant's motion. Appellant changed his plea to no contest and was convicted of carrying a concealed weapon.
 {¶ 6} Appellant filed a timely appeal raising one assignment of error:
 {¶ 7} "The trial court erred to the prejudice of defendant-appellant by failing to grant his motion to suppress in violation of his rights pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Sections 10, 14 and 16, Article I of the Ohio Constitution."
 {¶ 8} When we consider an appeal of a ruling on a motion to suppress we review the trial court's findings of fact only for clear error and give due weight to inferences the trial judge drew from the facts. We must accept the trial court's factual determinations when they are supported by competent and credible evidence. We determine only whether the findings of fact were against the manifest weight of the evidence.State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118, ¶ 12-13. We review the trial court's application of the law to those facts de novo and independently determine whether the facts meet the appropriate legal standard. Id.
 {¶ 9} Appellant first argues the confidential informant's tip did not constitute probable cause for the officers to stop and search appellant. We disagree.
 {¶ 10} In Illinois v. Gates (1982), 462 U.S. 213, the United States Supreme Court stated, "* * * even in making a warrantless arrest an officer `may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.'" Id. at 242, quoting Jones v. United States (1960),362 U.S. 257, 269.
 {¶ 11} We apply a "totality of the circumstances" test when determining whether an informant's tip is sufficient to support an arrest or investigatory stop. State v. Gaston (1996), 110 Ohio App.3d 835,839, citing Gates, supra.
 {¶ 12} In this case, the state presented evidence that the confidential informant who provided the information at issue had provided reliable information on three other individuals in the past two years. The informant's information was also based on his presence in the room. Further, police officers confirmed much of the information provided by appellant, i.e., two black males fitting the descriptions provided by the informant were staying in room 348; the men were from New Jersey and driving a silver Mercedes. Thus, the officers confirmed certain key aspects of the information, Gaston, supra citing Alabama v. White
(1990), 496 U.S. 325, and based on the totality of the circumstances, officers had reasonable, articulable suspicion to justify the stop.
 {¶ 13} Appellant next argues the trial court erred when it based its ruling on findings of fact not supported by the record. Specifically, appellant directs us to the following statement in the trial court's "journal entry" denying the motion to suppress:
 {¶ 14} "The fact that a drug dog alerted to the trunk of the Mercedes Benz and the presence of fictitious plates on the car provided further specific and articulable facts, which, taken together with rational inferences from those facts, warranted an investigatory stop."
 {¶ 15} Appellant correctly points out that the officer specifically testified they did not base the stop on the fictitious plates on the Mercedes. Appellant also correctly notes the trial court excluded all evidence relating to the drug dog's alert.
 {¶ 16} Although the trial court incorrectly recited these facts in support of its judgment, any error is harmless because the information provided by the informant and confirmed by the officer provided reasonable, articulable suspicion to justify the stop.
 {¶ 17} Finally, appellant argues his consent to search the vehicle was not voluntary because all of the officers present had their guns drawn. This argument is moot.
 {¶ 18} While the record shows a handgun was recovered from the Mercedes pursuant to a search of the vehicle following appellant's arrest, no charges were filed based on this handgun. The carrying a concealed weapon charge at issue was based on the handgun found in appellant's pants pocket. It is irrelevant whether appellant was coerced into giving consent to search the vehicle as no evidence obtained as a result of that search was used against appellant.
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., O'Toole, J., concur.