**[Cite as *State v. Holley*, 2024-Ohio-6006.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-L-039** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ROMONE DONNELL HOLLEY, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 000146 |

**O P I N I O N**

Decided: December 23, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel* and *Laurence D. Giegerich,* Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward F. Borowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Romone D. Holley ("Holley"), appeals the judgment of the Lake County Court of Common Pleas, convicting him of two counts of Trafficking in Heroin, Possessing Heroin, Tampering with Evidence, and Possessing Criminal Tools. For the following reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

{¶2} Holley's charges arose from a trip he took to the Columbus area in the winter of 2022 to purchase a large quantity of drugs. Holley was out of jail on bond at the time and wearing an ankle monitor. Holley was a passenger in a vehicle driven by Carl Harkins

("Harkins"). Harkins had agreed to transport Holley to Columbus. Eastlake police officers attempted to conduct a traffic stop when Harkins failed to use his traffic signal when making a left turn from East 300th Street on Vine Street. Harkins and Holley's vehicle appeared to be stopping upon the activation of overhead lights from the marked Eastlake Police car but continued moving. At that point, a package was thrown out of the driver's side window. Their vehicle then fled the area, and a short pursuit ensued. Holley and Harkins were eventually apprehended and arrested. While awaiting trial Holley filed a motion to suppress arguing there was no reasonable suspicion or probable cause to arrest him, and that all the evidence obtained should be suppressed. The trial court denied Holley's request and Holley now appeals that decision.

{¶3} Holley's appeal originates from the April 1, 2024 judgment of the Lake County Court of Common Pleas, convicting him of: (Count 1) Trafficking in Heroin, a felony of the first-degree, with a major drug offender specification; (Count 2) Possession of Heroin, a felony of the first-degree, with a major drug offender specification; (Count 3) Trafficking Heroin, a felony of the fifth-degree; (Count 4) Tampering with Evidence, a felony of the third-degree; and (Count 5) Possessing Criminal Tools, a felony of the fifth-degree. Count 2 merged with Count 1 for sentencing purposes. Holley was sentenced to serve on: (Count 1) 11 to 16 ½ years; (Count 3) 1 year; (Count 4) 1 year; and (Count 5) 1 year. The prison terms for Counts 3, 4, and 5 were sentenced to run concurrently with the mandatory indefinite prison term for Count 1, for a total sentence of 11 to 16 ½ years.

{¶4} Special Agent 92 ("SA 92") testified at trial. SA 92 indicated that Special Agent 91 ("SA 91") of the Lake County Narcotics Agency contacted him and informed SA 92 that he had information from a confidential source that Holley planned to go to

2

Columbus to obtain a large quantity of drugs. T.p. Trial, p. 9, 19-22. SA 92 testified that the confidential informant ("CI") had provided credible and reliable information in the past. SA 91 corroborated the informant's information as the communication occurred through text message, and he recognized Holley's cell phone number. SA 91 had worked on other cases with Holley as a subject and was familiar with the number. The CI claimed that Holley texted him and asked him to drive Holley to Columbus to obtain drugs. Later, the CI said that Holley had found a ride and no longer needed the CI's help, but if he wanted narcotics afterwards, Holley would have them.

{¶5}    At the time, Holley had a GPS ankle monitor on because he was out of jail on bond and was ordered to remain in Lake County. When SA 91 discovered the impending trip, he contacted Richard Friedman ("Friedman") at Interlock, who maintains the monitor system. Friedman confirmed that the monitor indicated Holley was in the Columbus area. The tracking system showed that while in Columbus, Holley made several brief stops. The monitor indicated a short-term trip to Columbus, with a stop at a Walmart parking lot, and a stop at a residence in Eastlake.

{¶6}    SA 92 was able to locate the vehicle while in Eastlake based on the GPS tracking information and conducted surveillance. As the vehicle was leaving a home in Eastlake, it turned eastbound onto Vine Street without using its directional signal. From that point, the attempted traffic stop, tossing of a package from the vehicle, and the pursuit ensued as described above.

{¶7}    Through counsel, Holly filed his January 3, 2023 Motion to Suppress Evidence. In the motion, Holley argued that the arresting officer lacked reasonable articulable suspicion or probable cause to arrest him. Holley contended that the fact that

3

a package containing heroin was thrown from the driver's side window, not the passenger side, was exculpatory and did not give rise to probable cause. Holley further argued that the stop was initiated because Harkins failed to use a turn signal, not Holley. After Holley's arrest, officers seized his cell phone. Later, a search warrant was obtained for Holley's cell phone. In his motion to suppress, Holley asserts there were no constitutional grounds for officers to arrest him and seize his phone arising from the package being tossed from the vehicle.

{¶8} In judgment entry filed on April 27, 2023, the trial court denied Holley's motion to suppress. In its entry, the trial court noted:

> The evidence revealed that there was probable cause to stop the vehicle and apprehend the defendant. * * *
>
> (a) Defendant's running after the car crashed indicated a consciousness of guilt;
>
> (b) The trip defendant and the driver took from the Cleveland to Columbus area is indicative of a significant effort, and not a "lark";
>
> (c) Crumbles of drug-like material of a distinctive nature on the Harkness [sic] kitchen table that matched the drugs thrown out the car's window suggests the defendant played a role in the drug dealing, or at least handling;
>
> (d) The fact that defendant was a passenger and the packages were thrown out the driver's window doesn't convincingly suggest that defendant was not the perpetrator;
>
> (e) The packages suggest drug trafficking was intended as opposed to packets which indicate personal use was more likely.

{¶9} Holley's sole assignment of error asserts:

{¶10} [1.] "The trial court erred by denying appellant's motion to suppress."

4

Case No. 2024-L-039

{¶11} "'Appellate review of a motion to suppress presents a mixed question of law and fact.'" *State v. Wright*, 2015-Ohio-2600, ¶ 37 (11th Dist.), quoting *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. *Id.* Thereafter, the appellate court must determine, without deference to the trial court, whether the applicable legal standard has been met. *Id.* Thus, we must review the trial court's application of the law to the facts de novo." *Id.*, quoting *State v. Holnapy*, 2011-Ohio-2995, ¶ 28 (11th Dist.).

{¶12} Reasonable articulable suspicion requires more than mere suspicion or a hunch. "While the concept of reasonable and articulable suspicion has not been precisely defined, it has been described as something more than an undeveloped suspicion or hunch, but less than probable cause." *State v. Hinkston*, 2020-Ohio-6903, ¶ 18 (12th Dist.), citing *State v. Moore*, 2011-Ohio-4908, ¶ 31-33 (12th Dist.).

{¶13} An officer's expertise in narcotics investigations, such as the experiences of SA 91 and SA 92, combined with the defendant's conduct is enough to support a reasonable suspicion. "The Ohio Supreme Court has determined that an officer's experience in narcotics investigations, combined with conduct by a defendant consistent with drug activity supports a finding of reasonable suspicion." *Hinkston* at ¶ 20. *See also State v. Bobo*, 37 Ohio St.3d 177.

{¶14} An informant's tip taken collectively with the totality of the circumstances is enough to support an arrest. "We apply a 'totality of the circumstances' test when determining whether an informant's tip is sufficient to support an arrest or investigatory

5

stop." *State v. Johnson*, 2005-Ohio-2077, ¶ 11 (11th Dist.), citing *State v. Gaston*, 110 Ohio App.3d 835, 839 (11th Dist.).

{¶15} Probable cause must be met for a constitutional arrest. "Probable cause is the standard for a constitutionally valid arrest. Courts have defined probable cause as 'facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."'" (Brackets original.) *State v. Hummel*, 2003-Ohio-4602, ¶ 12 (11th Dist.), citing *State v. Tibbets*, 92 Ohio St.3d 146, 153.

{¶16} Here, SA 92 followed Holley to Columbus based on the GPS ankle bracelet data tracking Holley and information deemed credible and reliable from SA 91's informant. SA 92 was able to locate Holley and SA 91 positively identified him as he was exiting a home in Eastlake and getting into a vehicle with Harkins. During the trip, Holley made several brief stops, indicative of drug trafficking. Finally, when Eastlake police officers attempted to stop the vehicle Holley was riding in as a passenger, the vehicle did not stop. Once the vehicle crashed into a snowbank, Harkins and Holley both fled on foot, indicating a consciousness of guilt. As the trial court noted, flight is evidence admissible of "'consciousness of guilt, and thus of guilt itself.'" *State v. Kessler Scott*, 2022-Ohio-4054, ¶ 45 (11th Dist.), citing *State v. Hand*, 2006-Ohio-18, ¶ 167.

{¶17} Given the totality of circumstances that includes the corroboration of the CI's information with GPS data and activity consistent with drug trafficking observed under surveillance, and officers' observations of a package being thrown from the vehicle during the pursuit, there was probable cause to arrest appellant. Here, the trial court's factual findings were supported by competent, credible evidence, and the trial court properly

6

applied the relevant case law. Accordingly, the trial court properly denied Holley's motion to suppress.

{¶18} Holley's sole assignment of error is without merit.

{¶19} Based on the foregoing, the decision of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-L-039